LENGEORGE M. BURNS,

        Plaintiff,

        v.                           Case No. 26-cv-0272-bhl

EMILY PROPSON,
MATTHEW BURNS,
LT. SCHWABB,
BRITTANY BURNS,
RANDALL HEPP,
JESSE UMENTUM,
YANA PUSICH, and
JOHN DOE,

        Defendants.

# SCREENING ORDER

Plaintiff Lengeorge M. Burns, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Burns' motions for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Burns has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Burns has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $23.70. Burns' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Burns, on September 21, 2022, he was placed in temporary lockup pending an investigation into a fight between his cellmate and another inmate, which Burns asserts he was trying to break up. Burns states that during the investigation, officers found contraband that belonged to his cellmate. Burns received a conduct report for the contraband on September 28, 2022. At the disciplinary hearing on October 5, 2022, Burns' cellmate acknowledged that the

2

items were his. Nevertheless, Lt. Matthew Burns found Burns guilty for possessing some (though not all) of the contraband.

At this point, Burns still had not been given a conduct report for the fight, so he asked Lt. Burns for an update. Lt. Burns told him that the conduct report would have to be dismissed because it had not been delivered to Burns within the timelines set forth in §DOC 303.80(1). The next day, Burns received a conduct report about the fight in the mail. Burns asserts that the conduct report stated it had been served more than a week earlier, on September 22, 2022 by Officer Nathan Pach. Burns was informed by his staff advocate Jesse Umentum that the hearing would be on October 10, 2022. Burns completed the form requesting that his cellmate and Pach be allowed to testify. According to Burns, Pach later informed him that someone had forged Pach's name on the conduct report because he never signed it. Burns later learned that Umentum had signed Pach's name on the conduct report on October 7, 2022.

Lt. Schwabb was the hearing officer on October 10, 2022. Burns raised the issue of the conduct report not being timely served, but Schwabb said it did not matter and he should raise the issue on appeal. When Burns asked about his witnesses, Schwabb stated that Burns had not filled out the form correctly, and the witnesses were irrelevant. Burns asserts that he explained he was only trying to stop the fight, but in his written summary, Schwabb twisted his words to make it sound like he was involved. Schwabb found Burns guilty and gave him 210 days in disciplinary segregation, even though the other two inmates who had been fighting received only 60 and 90 days. When questioned by other inmates why he had given Burns so much time, Schwabb stated that he had no choice and it was out of his hands. Burns explains that Warden Randall Hepp eventually granted him a new hearing, but the hearing was a sham. At the November 10, 2022 re-hearing Burns was not allowed to call his witnesses and he had no advocate, but Lt. Burns let Burns out of segregation that same day.

It is not clear why, but Burns was again (or, perhaps, still) in the restricted housing unit in January 2023. Burns asserts that Officer Gripentrog had recommended him for a special program based on his good behavior and time served, but, for reasons unknown to Gripentrog, Burns had been removed from the list. Burns explains that he talked to Schwabb, and Burns learned from him that he had been directed to find Burns guilty and give him 210 days in segregation.

On January 20, 2023, Burns filed an inmate complaint about the ongoing harassment and retaliation he believed he was facing. A few days later, he was admitted to the special program.

3

Deputy Warden Emily Propsen called Burns to her office, and she and Burns talked about how she took him off the special program list, directed Schwabb to find him guilty of the conduct report and give him 210 days in segregation, and put him on administrative confinement because he had been found with a cellphone. Burns asserts that he pointed out that many inmates were found with cellphones, but she explained that she believed he had information about where the phones were coming from. Burns also explains that before all of this happened, he had refused to provide her with information about cellphones, which explains the ongoing harassment. On January 27, 2023, Warden Hepp reversed the guilty finding on the conduct report for possession of contraband.

### THE COURT'S ANALYSIS

Burns asserts that his rights were violated during the months of September 2022 through January 2023. Burns brought this lawsuit more than three years later, on February 18, 2026. Although "a plaintiff need not anticipate or rebut a statute-of-limitations defense in his complaint . . . dismissal is appropriate if . . . the allegations in the complaint make the statute of limitations an impenetrable bar to recovery." *Sellers v. Milwaukee Cnty.*, No. 22-3151, 2025 WL 958258, at *1 (7th Cir. March 31, 2025). Under federal law, a claim accrues when a party knows or should have known that the defendant violated his constitutional rights. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). Under Wisconsin law, Burns had three years to sue once his claim accrued. Wis. Stat. §893.53. Therefore, it appears that the statute of limitations period expired before Burns filed this lawsuit. The Court will require Burns to show cause by **April 29, 2026**, why this lawsuit should not be dismissed. If Burns demonstrates by the deadline that this case is not barred by the statute of limitations, the Court will screen the complaint. However, if Burns fails to demonstrate that this case is not barred by the statute of limitations, the Court will dismiss this action as time-barred.

**IT IS THEREFORE ORDERED** that Burns' motions for leave to proceed without prepaying the filing fee (Dkt. Nos. 2, 4) are **GRANTED.**

**IT IS FURTHER ORDERED** that Burns must show cause by **April 29, 2026** why this case should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that the agency having custody of Burns shall collect from his institution trust account the $326.30 balance of the filing fee by collecting monthly payments from Burns' prison trust account in an amount equal to 20% of the preceding month's income credited to Burns' trust account and forwarding payments to the Clerk of Court each time the

4

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Burns is transferred to another institution, the transferring institution shall forward a copy of this Order along with Burns' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Burns is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 9th day of April, 2026.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge

5